**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ELIZABETH P. COOK** **PLAINTIFF**

**V.** **No. 3:26-CV-00095-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner** **DEFENDANT**

**ORDER[1]**

Plaintiff Elizabeth Cook appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I. Background

On August 19, 2021, Ms. Cook filed an application for benefits alleging seizures, chronic pain, migraines, frequent falls, hypoglycemia, and depression. *Tr. 17, 440.*

Ms. Cook's claim was denied initially and upon reconsideration. At a May 28, 2025 hearing, an Administrative Law Judge ("ALJ") heard testimony from Ms. Cook.[2] *Tr. 48-82.* On August 13, 2025 the ALJ issued a decision finding that Ms.

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

[2] The vocational expert ("VE") assigned to the case was unable to attend the hearing due to scheduling conflicts. So, the ALJ sent post-hearing interrogatories to the VE. There was no objection to the VE's answers to the interrogatories being entered into the record and considered. *Tr. 17.*

Cook was not disabled. *Tr. 17-34.* The Appeals Council denied Ms. Cook's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Ms. Cook, who was thirty years old at the time of the hearing, has a high school education and no past relevant work experience. *Tr. 24, 56, 617.*

## II. The ALJ's Decision[3]

The ALJ found that Ms. Cook had not engaged in substantial gainful activity since the alleged onset date of August 14, 2016 and had the following severe impairments: carpal tunnel syndrome, status post-right release surgery; degenerative disc disease; osteoarthritis/degenerative joint changes; post-traumatic stress disorder; mood disorder; attention deficit hyperactivity disorder; anxiety disorder; borderline intellectual functioning; seizure disorder; headache disorder; asthma; and obesity. *Tr. 20.* However, the ALJ concluded that Ms. Cook did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 21.*

According to the ALJ, Ms. Cook had the residual functional capacity ("RFC") to perform work light work, with the following limitations: (1) occasional

[3] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)(4).

climbing, balancing, stooping, kneeling, crouching, and crawling; (2) frequent use of the upper extremities to reach, handle, finger, and feel; (3) occasional exposure to atmospheric conditions, such as fumes, noxious odors, dusts, mists, gases, and poor ventilation; (4) no work in loud or very loud noise environments; (5) no exposure to hazards, such as high, exposed places and dangerous, moving machinery; and (6) limited to simple instructions and performing tasks that do not involve a specific production rate pace, such as assembly line work. *Tr. 24*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Ms. Cook could perform, including marker/price tag ticketer, routing clerk, and collator. *Tr. 33.* Accordingly, the ALJ determined that Ms. Cook was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Ms. Cook's Arguments for Reversal**

Ms. Cook contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) did not include unscheduled breaks and absences in the RFC; (2) did not properly consider the hearing testimony; and (3) "did not give full consideration to Ms. Cook's non-exertional impairments when posing hypotheticals to the vocational expert." *Doc. 7.*

**C. Analysis**

Although Ms. Cook's appeal brief provides a thorough recitation of her medical history, her grounds for reversal are buried in pages of rote recitations of general Social Security legal standards and authority. The nominal individualized analysis provided does little to advance Ms. Cook's arguments. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its

bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); see also *Schultz v. Astrue*, No. CIV.A. 09-3238, 2010 WL 2733605, at *10 (E.D. La. June 8, 2010)[4] ("It is not the duty of this Court to craft plaintiff's argument for her or to comb the record to find evidence that supports her claims."); *Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 199 (S.D.N.Y. 2018) ("We note that we are hampered in our ability to address these arguments because [the brief] does little other than recite generic arguments and legal propositions that could apply in almost any social security appeal.").

It appears that Ms. Cook's arguments boil down to her disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Ms. Cook's claims, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). Essentially, Ms. Cook wants the Court to reweigh the evidence, which is beyond the scope of this appeal. *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) ("We do not reweight the evidence."); *Hensley v. Colvin*, 829 F.3d 926, 934 (8th

---

[4] Report and recommendation adopted, No. CIV.A. 09-3238, 2010 WL 2733565 (E.D. La. July 8, 2010).

Cir. 2016) ("It is not the role of this court to reweigh the evidence presented to the ALJ.").

Ms. Cook bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of her limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all of the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a).

Normally, the Court should defer to an ALJ's assessment of the claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25,

2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Ms. Cook argues that the "ALJ should have carefully considered" her hearing testimony, discussed non-exertional impairments, and included her need for excessive breaks and absences in the RFC. The ALJ's opinion thoroughly discussed Ms. Cook's hearing testimony but concluded that her "testimony and allegations regarding the frequency, severity, and limitations caused by the disorders are not consistent with the records"; her impairments improved with treatment;[5] imaging studies have been normal; treatment has been conservative;[6] physical exams have showed no abnormalities; and her activities of daily living ("ADL") exceed those of someone with totally disabling limitations. *Tr. 24-25, 27, 30.*

---

[5] Improvement in a condition supports an ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992). Additionally, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[6] *Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022) (upholding ALJ's finding that conservative treatment tended to show that plaintiff's impairments were not disabling).

The ALJ also addressed Ms. Cook's non-exertional impairments, finding that "[w]hile [Ms. Cook] testified that she was more limited mentally than found in the residual functional capacity, the record is not consistent with her testimony." *Tr. 30*. Again, the ALJ noted Ms. Cook's ADLs, stability of the impairments, and conservative treatment. In fact, as the ALJ mentioned, Ms. Cook's "provider routinely notes that [she] has only mild depressive symptoms." *Tr. 30*.

Ms. Cook argues that the ALJ did not "supply any positive evidence that there were jobs for Ms. Cook with her limitations." *Doc. 7*. To the contrary, the ALJ relied on testimony from a VE that considered limitations consistent with those supported by the record. That testimony provided substantial evidence supporting the ALJ's conclusion that there were significant numbers of potential jobs in the national economy that Ms. Cook could perform. *Tr. 25-26, 76-78*. *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments."). "To the extent the ALJ did not adopt all of the limitations Plaintiff stated in her testimony, it is reasonable to believe that the ALJ found that Plaintiff was not that limited." *Eldred v. Saul*, No. 19-05075-CV-SW-MDH-SSA, 2020 WL 7138623, at *3 (W.D. Mo. Dec. 7, 2020).

The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Ms. Cook was not disabled.

*Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records).

Notably, Ms. Cook's lawyer said that questions about the need for unscheduled breaks or absences are "questions . . . that I always ask." *Tr. 81.* This comment suggests that the restrictions are not specific to Ms. Cook's impairments. Additionally, the ALJ is entitled to disregard the need for an additional RFC restriction if it is not supported by the evidence.

The record contains substantial evidence to support the ALJ's finding that Ms. Cook could perform a reduced range of light work.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Cook's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 9 November 2026.

UNITED STATES MAGISTRATE JUDGE